UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COURTNEY L. FULLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   Civil Action No. 03-1676 (RWR) |
| | ) |
| FCI FORT DIX, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Courtney Fuller filed a complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. (2000), alleging that defendants FCI Fort Dix, the Bureau of Prisons Central Office, the Office of Information and Privacy of the Department of Justice, and the Federal Bureau of Prisons Northeast Regional Office improperly withheld documents he had requested under the FOIA and failed to provide a Vaughn index justifying such a withholding.  The Department of Justice ("DOJ")[1] moved for summary judgment asserting that the defendants

---

[1] DOJ asserts that because the named defendants are "all components of DOJ, DOJ alone is the appropriate defendant in this FOIA case." (Def. Mem. P. & A. in Supp. Summ. J. at 1 n.1 (citing 5 U.S.C. § 552(f) and Peralta v. U.S. Attorney's Office, 136 F.3d 169, 173 (D.C. Cir. 1998)).)  The D.C. Circuit seemingly rejected such an argument in Peralta, see 136 F.3d at 173 (permitting the Department of Justice to assert on remand its argument that the FOIA does not apply to Department of Justice component agencies, but stating that the D.C. Circuit "suspect[s] that the FBI is subject to the FOIA in its own name") and has previously recognized the Bureau of Prisons as a FOIA agency.  See Tax

fulfilled their obligations under FOIA by conducting a reasonable search for and releasing to plaintiff, without redactions, responsive documents. Plaintiff moved to compel defendants to produce an index under <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), and sought discovery under Federal Rule of Civil Procedure 56(f) regarding the scope of defendant's search efforts. Because the declarations submitted by the defendants in support of the motion for summary judgment provide insufficient detail regarding the extent of the defendants' search for documents responsive to plaintiff's FOIA request, thereby precluding the court from assessing the reasonableness of the search, the defendants' motion for summary judgment will be denied without prejudice. Because discovery regarding the scope of the defendants' search efforts is not yet warranted, plaintiff's request for discovery

---

<u>Analysts v. DOJ</u>, 845 F.2d 1060, 1068 (D.C. Cir. 1988). Moreover, the term "agency" as utilized in the FOIA context, <u>see</u> 5 U.S.C. § 552(f), is defined in Section 551(1) of the Administrative Procedures Act, which the D.C. Circuit has held to encompass the Bureau of Prisons. <u>See</u> <u>Ramer v. Saxbe</u>, 522 F.2d 695, 697 (D.C. Cir. 1975) (recognizing "that the Bureau of Prisons is, indeed, an 'agency' within the definition of the APA, 5 U.S.C. § 551"); <u>see also</u> <u>White v. Henman</u>, 977 F.2d 292, 293 (7th Cir. 1992) (stating that "[t]he Bureau of Prisons is part of the Department of Justice, and thus undeniably an 'agency'" within the meaning of 5 U.S.C. § 551(1)) (citing <u>Ramer</u>). Nevertheless, the Department of Justice's summary judgment motion will be deemed to have been submitted on behalf of its component agencies which appear as the named defendants, given the disposition of the motion.

will be denied without prejudice.  Because a Vaughn index is not required on the basis of the current record, plaintiff's motion to compel a Vaughn index will be denied without prejudice.

**BACKGROUND**

Plaintiff submitted a written FOIA request to the Central office of the Bureau of Prisons, generally seeking (1) information maintained by FCI Fort Dix under his name or pertaining to him (see Compl., Ex. A (Request Nos. 1, 2, 5, and 8)), including documents which contained "derogatory, inflammatory, and flagrantly prejudicial allegations" about him (see id., Ex. A (Request Nos. 3, 4)); and (2) information regarding certain policies, procedures and methods utilized by the Bureau of Prisons and FCI Fort Dix.  (See id., Ex. A (Request Nos. 6, 9).)  The Central Office of the Bureau of Prisons forwarded plaintiff's FOIA request to the Federal Bureau of Prisons Northeast Regional Office, which in turn forwarded the FOIA request to FCI Fort Dix.  (See Def.'s Mem. P. & A. in Supp. Summ. J., Att. 1, Decl. of James A. Vogle, Jr. ("Vogle Decl.") ¶ 4.)  FCI Fort Dix staff conducted a search for responsive documents (see id. ¶ 5; Def.'s Mem. P. & A. in Supp. Summ. J., Att. 2, Decl. of Tara Moran ("Moran Decl.") ¶ 4), resulting in eighty-nine pages of records being identified and released to plaintiff without redactions.  (See Vogle Decl. ¶¶ 5, 8; Moran

- 4 -

Decl. ¶ 8; Pl.'s Aff. in Supp. Mot. to Supplement and/or Clarify Mot. for Disc.² ("Pl.'s Supplemental Aff.") ¶¶ 15-16; Compl., Ex. B.)  Apparently believing the Bureau of Prisons' search for and release of responsive documents was inadequate, plaintiff filed an appeal of the disclosure (see Compl., Ex. C), which the Office of Information and Privacy denied.  (See Vogle Decl. ¶ 7 & Ex. C.)  Plaintiff then filed suit in this court.

### DISCUSSION

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994).  Material facts are those "that might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

An agency is entitled to summary judgment on the adequacy of a search if it can demonstrate beyond a reasonable doubt that its search was "'"reasonably calculated to uncover all relevant

---

² Plaintiff's request for discovery was included within his opposition to the motion for summary judgment (see Pl.'s Opp'n to Mot. for Summ. J. at 1; Pl.'s Aff. in Supp. Opp'n to Mot. for Summ. J. ("Pl.'s Aff.") ¶¶ 7, 10.)  Accordingly, his supplemental affidavit, although denominated by plaintiff as supplemental to his motion for discovery, will be construed as being submitted both in opposition to the motion for summary judgment and in support of his request for discovery.

documents."'"  Nation Magazine v. U. S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting Truit v. Dep't of State, 897 F.2d 540, 544-45 (D.C. Cir. 1989) (quoting Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (Weisberg II))).  Although agency affidavits or declarations "are accorded 'a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents,"'" Judicial Watch, Inc. v. DOJ, 185 F. Supp. 2d 54, 63 (D.D.C. 2002) (quoting SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)), an agency's affidavits or declarations must do more than provide conclusory, vague or sweeping statements in order to demonstrate reasonableness.

> The agency must make "'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested,'" Ogelsby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (citations omitted), and it "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." Id. To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate. Id.  The affidavits must be "reasonably detailed . . ., setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Id. Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment. Weisberg v. DOJ, 627 F.2d 365, 370 (D.C. Cir. 1980) (Weisberg I)

Nation Magazine, 71 F.3d at 890; see Judicial Watch, Inc., 185 F. Supp. 2d at 63 ("While the affidavits and declarations . . . need

- 6 -

not 'set forth with meticulous documentation the details of an epic search for the requested records,' they must 'describe what records were searched, by whom, and through what processes.'") (citations omitted).

If a review of the record raises substantial doubt about the reasonableness of an agency's search, summary judgment is inappropriate.  See Valencia-Lucena v. U. S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (citation omitted).  Nevertheless, because "[d]iscovery in FOIA is rare . . .," Schrecker v. DOJ, 217 F. Supp. 2d 29, 36 (D.D.C. 2002), "when an agency's affidavits or declarations are deficient regarding the adequacy of its search . . . the courts generally will request that the agency supplement its supporting declarations[,]" rather than permitting discovery.  Judicial Watch, Inc., 185 F. Supp. 2d at 65; see also Nation Magazine, 71 F.3d at 892 (holding that the agency's affidavits were insufficiently detailed to warrant a grant of summary judgment, but directing the district court to order the agency to submit further, more detailed affidavits in support of the agency's reasonable search arguments); Ogelsby, 920 F.2d at 68 (holding that the agency's affidavits did not adequately describe the FOIA search, thus making summary judgment improper; stating that "[o]n remand, the district court may order

[the agency] to submit a reasonably detailed affidavit upon which the reasonableness of its search can be judged").

I.   REASONABLENESS OF THE DEFENDANTS' SEARCH

The defendants assert that they are entitled to summary judgment because "BOP conducted an adequate search in response to Plaintiff's FOIA request and released to him all 89 pages of responsive records, without redactions."  (Defs.' Mem. P. & A. in Supp. Summ. J. at 2-3.)  According to the defendants, in response to plaintiff's FOIA request, "the BOP caused individuals at F.C.I. Fort Dix to search for records responsive to Mr. Fuller's request."  (Id. at 7.)  In support of their assertion of reasonableness, the defendants offer the declarations of Tara Moran, a Legal Administrative Assistant for FCI Fort Dix, and James Vogel, Jr., a Paralegal Specialist for the Federal Bureau of Prisons in the Northeast Regional Office.  Plaintiff argues in opposition to the summary judgment motion that "the declarations submitted by the defendants are insufficient as a matter of law to establish that the search had been thorough and that all records had been released."  (Pl.'s Supplemental Aff. ¶ 42.)  Specifically, plaintiff asserts that Moran's and Vogel's declarations are conclusory and do not provide detailed information regarding the defendants' search efforts (see id. ¶¶ 42-43), and that they also fail to reflect the search

- 8 -

processes utilized, the places and things searched, and who conducted the search.  (See id. ¶ 44.)

Although Moran's declaration provides information that, under her coordination, "a search was conducted by the Lieutenant's Office, Plaintiff's Unit Team, UNICOR and Special Investigative Supervisor (SIS) Department for any records pertaining to the Plaintiff's FOIA Request" (Moran Decl. ¶ 4), her declaration provides no details regarding what records and files were searched, whether the search included electronic as well as non-electronic records and files, and what processes were utilized in conducting the search.  Nor does Moran aver in her declaration that defendant searched "'all files likely to contain responsive materials[.]'"  Nation Magazine, 71 F.3d at 890 (quoting Ogelsby, 920 F.2d at 68).  Instead, she provides the conclusory statement that "[a] search for all responsive records that are maintained by this institution regarding Plaintiff's request was completed."  (Moran Decl. ¶ 8.)  Moran's declaration, without more, is insufficiently detailed to permit an evaluation of the reasonableness of the defendants' search efforts in response to plaintiff's FOIA request.  See, e.g., Ogelsby, 920 F.2d at 68 (holding inadequate an agency's supporting affidavit because it "merely stat[ed] that '[b]ased upon the information contained in [plaintiff's FOIA] letter, and consistent with

customary practice and established procedure, a search was initiated . . .[,]" and it neither showed with reasonable detail that the search method was reasonably calculated to uncover all relevant documents, nor identified how the search was conducted); Weisberg I, 627 F.2d at 371-73 (holding inadequate an agency's affidavit which stated only that the affiant had "conducted a review of FBI files which would contain information . . . requested.  The FBI files to the best of my knowledge do not include any information requested . . . other than the information made available to him").

     With respect to Vogel's declaration, he states that he has "access to and process[es] all Freedom of Information Act . . . requests that are received and maintained in the [Northeast Regional Office,]" including the FOIA request by plaintiff. (Vogel Decl. ¶¶ 2-3).  According to Vogel's declaration, when plaintiff's FOIA request arrived, "a search request for any and all responsive documents was forwarded to FCI Fort Dix" (id. ¶ 4), and "FCI Fort Dix staff identified as responsive to Plaintiff's FOIA request eighty-nine (89) pages of records." (Id. ¶ 5.)  However, like Moran's declaration, Vogel's declaration neither identifies what records and files at FCI Fort Dix were searched, nor whether the search included electronic as well as non-electronic records and files, nor what processes were

utilized in conducting the search.  Instead, Vogel's declaration repeatedly indicates in the passive voice and in conclusory fashion that "[a] search was conducted" for the requested information (see id. ¶ 6 (Requests #2-9)), and omits any statement attesting that defendant searched all files likely to contain responsive materials.[3]  See Nation Magazine, 71 F.3d at 890; Ogelsby, 920 F.2d at 68.  Vogel's conclusory declaration provides insufficient detail to permit an assessment of the reasonableness of the defendants' search efforts.  See Ogelsby, 920 F.2d at 68; Weisberg I, 627 F.2d at 370-71.

It may well be that the defendants' search effort for responsive documents was adequate in this case.  However, the

---

[3] Although the reasonableness of a search effort is determined not by whether there may exist other documents possibly responsive to plaintiff's FOIA requests, but rather by whether the search conducted for responsive documents was adequate (see Defs.' Mem. P. & A. in Supp. Summ. J. at 5 (citing Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (Weisberg III)), the search still must be "conducted in good faith using methods that are likely to produce the information requested if it exists." Judicial Watch, Inc., 185 F. Supp. 2d at 63; see Valencia-Lucena, 180 F.3d at 327 ("It is well-settled that if an agency has reason to know that certain places [maintained by the agency] may contain responsive documents, it is obligated under FOIA to search barring an undue burden.").  Neither Moran nor Vogel attest to the methods utilized during the search, and neither declaration provides a basis for a conclusion that it was reasonable for the defendants to limit the search to FCI Fort Dix -- rather than including within the search any records and files located at the Bureau of Prisons Central Office where plaintiff's FOIA request was sent in the first instance and at the Northeast Regional Office.

agencies' declarations submitted in support of the defendants' motion for summary judgment do not consistently "denote which files were searched or by whom, do not reflect any systemic approach to document location, and do not provide information specific enough to enable [plaintiff] to challenge the procedures utilized." Weisberg I, 627 F.2d at 371.  Accordingly, the type of review necessary to determine the reasonableness of the defendants' effort cannot be conducted.[4]  The defendants' motion for summary judgment therefore will be denied without prejudice to refiling[5] with more detailed affidavits or declarations.[6]

---

[4] The insufficiency of the defendants' declarations also does not permit a determination of whether all responsive documents were indeed released to defendant.  If the defendants' search is found to be unreasonable, there may be additional responsive documents which plaintiff is entitled to receive.  Accordingly, defendants' alternative motion to dismiss under Federal Rule of Civil Procedure 12 (see Defs.' Mem. P. & A. in Supp. Summ. J. at 4 n.2) will be denied.

[5] Any future filings by the defendants in this case should be by or on behalf of the named defendants and not the Department of Justice.

[6] The defendants should address in any supplemental declaration(s) plaintiff's evidence regarding the inadequacy of the FOIA search.  Plaintiff has alleged that "defendants did not, nor could they have, processed the FOI Exempt section of [his] Central File because the eighty-nine (89) pieces of documents they claimed to have released are the very same documents [he] had reviewed on several different occasions in the disclosable section of [his] Central File."  (Pl.'s Supplemental Aff. at ¶ 46; see id. ¶ 8.)  In support of that argument, plaintiff averred that he has previously reviewed his Central File (see id. ¶¶ 7, 8), but that a "Privacy Folder" which is purportedly maintained as part of his Central File has been withheld from his review as non-disclosable.  (See id. ¶¶ 5, 7, 8.)  Plaintiff has

- 12 -

II.  PLAINTIFF'S REQUEST FOR DISCOVERY

Plaintiff contends that he should be provided an opportunity to conduct discovery "in order that [he] may inquire into the circumstances surrounding the adequacy of the defendants['] efforts to locate the requested documents."  (Pl.'s Supplement Aff. ¶ 44; see Pl.'s Aff. ¶ 7).)  "[W]hether to permit discovery is within the sound discretion of the district court judge." Broaddrick v. Executive Office of the President, 139 F. Supp. 2d 55, 63 (D.D.C. 2001).  Where, as here, declarations have been submitted which demonstrate that a search occurred, but which provide insufficient details regarding what records were searched, by whom, and through what processes, the appropriate course of action at this stage of the proceedings is to order the defendants to supplement their supporting declarations in order to permit a review of the reasonableness of the defendants' search effort.  See Nation Magazine, 71 F.3d at 892; Ogelsby, 920 F.2d at 68; Judicial Watch, Inc., 185 F. Supp. 2d at 65. Accordingly, plaintiff's request for discovery will be denied

---

also alleged that during the investigations and dispositions of incident reports involving him, the lieutenant on duty had reviewed computer information about him before discussing the incident report with him. (See id. ¶ 10-12.)  At the very least, plaintiff's allegations - - on the current record and in the absence of detailed declarations regarding the search effort - - raise questions about the thoroughness and scope of the defendants' search efforts.

without prejudice,[7] and the defendants' motion for a protective order staying discovery will be denied as moot.

### CONCLUSION AND ORDER

The defendants have failed to provide sufficiently detailed declarations or affidavits which would permit an assessment of the reasonableness of the search conducted in response to plaintiff's FOIA request. Accordingly, it is hereby

ORDERED that the defendants' motion for summary judgment or, in the alternative, for dismissal [#4] be, and hereby is, DENIED without prejudice. The defendants shall refile any motion for summary judgment or dismissal, with sufficiently detailed affidavits or declarations, by November 7, 2005. It is further

ORDERED that plaintiff's request for discovery under Federal Rule of Civil Procedure 56(f) be, and hereby is, DENIED without prejudice. It is further

ORDERED that plaintiff's motion for a Vaughn index [#5] be, and hereby is, DENIED without prejudice. It is further

---

[7] Plaintiff's motion to compel the defendants to provide him with a Vaughn index will also be denied without prejudice. The defendants have proffered that all responsive documents located during the search were released to him, without redactions. Although it is premature on this record to determine the validity of that assertion, if it is true, and the search effort is found to be reasonable, then the defendants would have no obligation to provide a Vaughn index.

- 14 -

ORDERED that the defendants' motion for a protective order staying discovery [#11] be, and hereby is, DENIED AS MOOT.

SIGNED this 29th day of September, 2005.

```
              /s/
    RICHARD W. ROBERTS
    United States District Judge
```