**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
COURTNEY L. FULLER,            )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 03-1676 (RWR)
                               )
FCI FORT DIX, et. al,          )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM OPINION**

*Pro se* plaintiff Courtney Fuller filed a complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. (2000), alleging that defendants FCI Fort Dix, the Bureau of Prisons Central Office, the Office of Information and Privacy of the Department of Justice, and the Federal Bureau of Prisons Northeast Regional Office improperly withheld documents he had requested under the FOIA and failed to provide a Vaughn index justifying such a withholding. Defendants' motion for summary judgment was denied without prejudice to refile for failure to provide sufficient detail regarding the extent of the defendants' search for documents responsive to the plaintiff's FOIA request. The defendants then renewed their motion for summary judgment. On January 28, 2006, the court advised the *pro se* plaintiff that if he did not respond by March 1, 2006, the court would treat the motion as conceded and dismiss the case. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456

(D.C. Cir. 1992).  On March 3, 2006, the plaintiff filed a motion for extension of time, requesting 90 days rather than 30 days to file his response to the defendant's renewed motion for summary judgment.  (See Pl.'s Mot. for Extension of Time.)  His motion was granted, making his response, therefore, due on May 1, 2006.  Because the plaintiff has failed to file a response by the extended deadline, the defendant's renewed motion for summary judgment will be deemed conceded.

In any event, the defendants' renewed motion for summary judgment reveals that the government has adequately searched for documents responsive to the plaintiff's FOIA request.  The defendants conducted a second search and submitted affidavits by those employees who searched the records.  (See Defs.' Renewed Mot. for Summ. J., Supp. Vogel Decl., Aleshire Decl., and Langehennig Decl.)  These affidavits "denote which files were searched and by whom," reflect a systematic approach to document location, and provide information specific enough to have enabled the plaintiff to challenge the procedures. Weisberg v. DOJ, 627 F.2d 365, 371 (D.C. Cir. 1980).[1]  Additionally, the documentation of the search reflects that the search was "conducted in good faith using methods that are likely to produce the information

---

[1] The minor discrepancy between the 87 documents identified in this search and the 89 documents originally disclosed to the defendant, does not alter this analysis.  The record sufficiently demonstrates that this new search was adequate.

-3-

requested if it exists." <u>Judicial Watch, Inc. v. DOJ</u>, 185 F. Supp. 2d 54, 63 (D.D.C. 2002).

Because the plaintiff has failed to oppose this motion, and because, in any case, the search for documents was adequate, the defendants motion for summary judgment [15] will be granted.  An appropriate order accompanies this Memorandum Opinion.

SIGNED this 1st day of June, 2006.

/s/
RICHARD W. ROBERTS
United States District Judge